The Honorable Garry L. Smith State Representative
600 Ouachita 31 Camden, Arkansas 71701-9561
Dear Representative Smith:
I am writing in response to your request for an opinion concerning A.C.A. § 15-5-202(a)(5) (Repl. 2009). I have paraphrased your question as follows:
 Under A.C.A. § 15-5-202(a)(5), a person must meet three criteria to be eligible for the additional-member position on the Arkansas Development Finance Authority. The person must: (1) be a public housing or community development professional; (2) be actively engaged in that profession; and (3) not be a member of any housing authority board. Is the additional member required to meet these criteria during the duration of his or her service?
RESPONSE
Most likely, yes. To answer that question, we must look to the language of the relevant statute. While the statute is not entirely clear, a close reading of the General Assembly's word choices considered alongside the criteria's rationale seems to indicate that the additional member must continually meet the three elements, in my opinion. *Page 2 
DISCUSSION
Section 15-5-202 establishes the eligibility criteria for the members of the ADFA. One of the members — who is referred to as the "additional member,"[1] — must meet three special eligibility criteria. The additional member must:
 (1) be a public housing or community development professional, and
 (2) be actively engaged in that profession, and
 (3) not be a member of any housing authority board.[2]
There is no question that the additional member must meet these special criteria to be eligible for the additional-member position. The only question is whether the additional member must meet these criteria for the full time he or she serves as the additional member.
To answer that question, we generally look to the statute's language.[3] Unfortunately, subsection 15-5-202(a)(5) does not provide much explicit guidance about whether the criteria must be continually met. Nevertheless, two considerations seem to indicate that the General Assembly intended the criteria be continually met.
First, the statute's language uses present-tense terms that seem to indicate an ongoing requirement. For example, when the statute introduces the special criteria, it uses the phrase "[t]he additional public member . . . shall be," which seems to require the criteria be continually met. At a more specific level, the second criterion requires the additional member be "activelyengaged," as a public housing or community development professional. The qualifier "actively engaged," also seems to denote a continual state.
The second consideration confirms the above reading of the specific terms. The second indication that the General Assembly intended the criteria be continual is *Page 3 
found in the criteria's rationale. The special criteria indicate that the additional member is supposed to possess special knowledge or experience relating to public housing and community development. Further, that knowledge or experience is supposed to be critical to the additional member's role on the board (otherwise there would be no special criteria applying only to that member). That knowledge and experience is more effective if it is current or up-to-date. Therefore, given the importance of the knowledge and experience and benefits derived from its currentness, I believe the General Assembly probably intended the criteria to be continually met.
In summary, the language of the statute generally controls whether the eligibility criteria must be continually met. The language of subsection 15-5-202(a)(5) is not explicit — one way of the other — regarding whether the eligibility criteria must be continually met. Nevertheless, the terms used in the statute and the rationale for the criteria seem to indicate that the General Assembly intended the criteria be continually met.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 15-5-202(a)(5) (Repl. 2009).
[2] Id.
[3] See Op. Att'y Gen. Nos. 2008-012 (assessing whether a residence requirement for service must be continually met), 2007-302 (assessing residency requirements).